IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUN -9 PM 4: 31

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

OSLO COLE,

     Plaintiff,

v.                                Case No.: 2:04cv2755-B/P

YOUTH VILLAGES, INCORPORATED,

     Defendant.

---

## JOINT PROTECTIVE ORDER

---

     Plaintiff, Oslo Cole, and Defendant, Youth Villages, Inc. ("Youth Villages"), agree that this action may involve the confidential personnel information of employees of Youth Villages, and other confidential and/or proprietary information, documents and things belonging to Youth Villages. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by stipulation of the parties, and in order to expedite discovery and to protect the confidential status of the parties' information, documents and things,

     IT IS ORDERED THAT the following provisions and conditions shall apply to all documents, things, answers, responses and information produced or filed by, or obtained from Youth Villages, Plaintiff or any other person or entity (including, but not limited to, documents produced, answers to interrogatories, responses to requests to admit, deposition testimony and transcripts, motions, briefs and affidavits) in the above-captioned matter:

     1.     To protect confidential personnel information and proprietary information, the parties may designate documents, things, answers, responses or information produced in discovery, and any documents referring to such material or derived therefrom, to be confidential and subject to the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___6-13-05___

21

provisions of this Order.  This Order shall also apply to documents, things, answers, responses, testimony or other information regarding which the parties claim confidential status and, as such, this Order shall apply to the Plaintiff in the same manner as to Youth Villages.

2.      Documents, things, answers, responses or information for which confidential status is claimed by the parties ("Confidential Material"), shall if in documentary form, be stamped or designated "Confidential" and maintained in confidential status subject to the provisions of this Order.  Any Confidential Material filed with the Court shall be filed under seal and shall not be opened without further order of the Court.  The envelope in which such Confidential Material is filed shall be marked "Confidential: Subject to the terms of the Protective Order dated *June 7, 05* " prominently on the front and back.  One copy of any Confidential Material filed with the Court shall be furnished to opposing counsel.

3.      Except as otherwise provided herein, Confidential Material shall be used solely for the prosecution and defense of the claims in this action, and, unless the court for good cause shown rules otherwise, Confidential Material shall not be disclosed to any person other than the Court and: (a) judicial officers and personnel (including stenographic reporters and members of the jury); (b) counsel of record in this action and members and associates of their law firms or organization; (c) the clerical and paralegal staff of counsel of record in this action employed during the preparation for and trial of this action; (d) persons retained by counsel of record to furnish expert services or advice or to give expert testimony in this action; and (e) the parties to this action.  Confidential Material disclosed under this paragraph to any such person shall not be disclosed to any other person not included within subparagraphs (a) through (e) of this paragraph 3.

4.      Before any Confidential Material is disclosed to any person as permitted in subparagraphs 3(d) and (e) hereof, such person will have read this Order and agree to be bound by

its terms, and prior to the disclosure of any Confidential Material to any person encompassed by subparagraph 3(d) counsel shall obtain from such person a signed statement in the form attached hereto as Exhibit A, attesting to the fact that the person to whom the Confidential Material is disclosed has read and understands, and will comply with, the terms of this Protective Order. Said statement shall be made available to opposing counsel upon request after opposing counsel becomes aware that Confidential Material was disclosed to the person who signed the statement. At the conclusion of the litigation, the parties will exchange all affidavits executed pursuant to this Order.

5.      All depositions taken in connection with the prosecution and defense of this action may include confidential information. In that event, upon proper notice to opposing counsel, only the court reporter, the deponent, the parties and their respective representatives and counsel and persons bound by paragraphs 3 or 4 of this Order may be present during any deposition.

6.      The transcript and exhibits of a deposition may be designated as Confidential Material and subject to the terms and restrictions of this Order.

7.      Confidential Material may be disclosed to a witness at his or her deposition if the deponent is not otherwise bound by paragraphs 3 or 4 of this Order only if the deponent (and if represented by counsel, his or her counsel) is informed prior to the disclosure of Confidential Material of the terms of this Order and that material designated as "Confidential" pursuant to this Order is about to be disclosed and if the deponent agrees to comply with the terms of this Order. In such event, only the reporter, the deponent, his counsel, the parties and their respective representatives and counsel and persons bound by paragraphs 3 or 4 of the Order may be present during the disclosure or discussion of Confidential Material.

8.      Nothing contained in this Order shall affect the right of either party to make any objection, claim or other response to interrogatories, requests to admit, requests for production of

documents or to any questions at deposition. At any time, upon motion duly served and filed, either party may bring before the Court the question of whether or not this Order should be restricted, enlarged or otherwise modified, generally, or with respect to specific items of information or specific persons.

9.    If either party or its counsel is served with a subpoena for any Confidential Material, the person so served shall give to opposing counsel seven days' notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing the Confidential Material demanded in the subpoena.

10.    Upon final termination of this action, all persons subject to this Order shall return all Confidential material (and all documents containing information referring to or derived therefrom), including all copies thereof (except privileged communications or attorney work product) to opposing counsel. At that time, counsel shall certify to opposing counsel that all such documents or materials with respect to which a claim of privilege or work product protection is asserted have been destroyed. Such certification shall be made within a reasonable time after termination of the action.

11.    Nothing in this Order shall prejudice Defendant's right to make any use of, or disclose to any person, any material it has designated as Confidential Material, during the course of its normal business operations, without prior court order, or to waive the provisions of this Order with respect to any Confidential Material. Nor shall anything in this Order prevent or affect the right of any party to use any Confidential Material at any trial or at any depositions provided that any such use is in accordance with the provisions of paragraphs 3 through 7 of this Order.

12.    Through counsel, the parties may agree to any specific disclosure of Confidential Material (or any information contained therein or derived therefrom) in a particular circumstance

without prejudice to the continued application of this Order as to the use of that document or thing.

13.     Inadvertent disclosure of Confidential Material (or any information contained therein or derived therefrom) shall not be deemed to waive any of the rights provided herein.

14.     Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by any party as an "admission by party opponent."

15.     This Order shall continue in effect after the termination of the above-captioned action.

Respectfully submitted,

LEWIS FISHER HENDERSON
CLAXTON & MULROY, LLP
6410 Poplar Avenue, Ste. 300
Memphis, TN 38119
Telephone: (901)767-6160
Facsimile: (901)767-7411

Kelly S. Gooch

**ATTORNEY FOR DEFENDANT**

LAW OFFICE OF EMMA COLE
2693 Union Avenue Extended, Ste. 200
Memphis, TN 38112
Telephone: (901) 327-7977
Facsimile: (901) 327-7445

Emma Cole

**ATTORNEY FOR PLAINTIFF**

**SO ORDERED:**

Magistrate Judge Tu M. Pham
United States District Court

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in
case 2:04-CV-02755 was distributed by fax, mail, or direct printing on
June 13, 2005 to the parties listed.

---

Kelly S. Gooch
LEWIS FISHER HENDERSON & CLAXTON, LLP
6410 Poplar Ave.
Ste. 300
Memphis, TN 38119

Emma Cole
LAW OFFICE OF EMMA COLE
2693 Union Ave., Extd.
Ste. 200
Memphis, TN 38112

Honorable J. Breen
US DISTRICT COURT