IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

OSLO COLE,

      Plaintiff,

v.                                                                  No. 04-2755 B

YOUTH VILLAGES, INCORPORATED,

      Defendant.
_____

ORDER ON APPEAL AND AFFIRMING IN PART MAGISTRATE JUDGE'S
ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
_____

Plaintiff, Oslo Cole, brought this action against his employer, Youth Villages, Inc. ("Youth Villages"), alleging discrimination on the basis of age and race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII"). On January 4, 2006, Cole filed a motion seeking to compel Youth Villages to respond to Plaintiff's First Request for Production of Documents numbers 4, 6 through 14, and 16 through 21; and Plaintiff's First Set of Interrogatories to Defendant numbers 2 through 4, 6 through 8, 12, 13,, 15, 17, 19, and 21. In addition, Cole moved for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiff's motion to compel was referred to United States Magistrate Judge Tu M. Pham for determination. On April 28, 2006, the magistrate judge entered an order granting in part and denying in part Cole's motion and directing the Defendant, to the extent that the motion was granted, to provide the responsive documents and interrogatory requests within eleven days of the entry of the order. Further, the magistrate judge denied Plaintiff's motion for sanctions.

Youth Villages timely filed an appeal of the magistrate judge's order on May 12, 2006. In particular, the Defendant objects to the portions of the order directing it to respond to (1) Plaintiff's

1

Request for Production No. 8; (2)  Plaintiff's Request for Production No. 16; and (3) Plaintiff's Interrogatory No. 19.  Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court judge is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed 746 (1948).

The Federal Rules of Civil Procedure permit discovery of all matters, not privileged, which are relevant to the subject matter of the litigation or which may lead to the discovery of such items, even where the matters sought are not themselves admissible into evidence.  See Rule 26(b)(1), Federal Rules of Civil Procedure.  "The purpose of discovery is to provide a mechanism for making relevant information available to . . . litigants."  Miller Oil Co. v. Smith Indus., No. 88CV785, 1990 WL 446502, at *2 (W.D. Mich. Dec. 13, 1990).  Relevance is to be broadly construed and "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

In the instant action, Cole alleges that Youth Villages unlawfully discriminated against him by failing to promote him to the position of Night Teacher Supervisor.  Specifically, the Plaintiff maintains that in October 2003, Youth Villages placed Gardner Dowdle, a Caucasian employee who is younger than Cole, in the position of Night Teacher Supervisor, a position which, had it been advertised as vacant, Cole would have sought promotion to.  In order to prevail on his claim of discriminatory failure to promote, Cole must demonstrate that "(1) he is a member of a protected class; (2) he applied for and was qualified for a promotion, (3) he was considered for and denied the

2

promotion; and (4) other employees of similar qualifications who were not members of the protected

class received promotions at the time the plaintiff's request for promotion was denied." Nguyen v.

City of Cleveland,  229 F.3d 559, 562 (6th Cir. 2000).

I. Plaintiff's Request for Production No. 8

Plaintiff's Request for Production No. 8 seeks "any and all documents . . . relating to any

charges, complaints of discrimination, grievances, or claims filed by employees and/or program

recipients/contractors with any federal, state or local agency or entity from January 2002 through

the present." (Order Granting in Part Pl.'s Mot. Compel ("Order") at 8.)  Finding that, in its original

form, Plaintiff's request for production was vague and overbroad, the magistrate judge limited the

permissible discovery request to "complaints of discrimination made by employees at Youth

Village's Dogwood Campus location, which were filed with the [Equal Employment Opportunity

Commission ("EEOC")] in 2002, 2003 and 2004, and which involved allegations that Youth

Villages failed to promote the employee to a supervisory position based on race or age."  (Order at

8.)

In the instant motion, the Defendant maintains that the magistrate judge's order erroneously

compels discovery of information that is not relevant to this action or likely to lead to discoverable

evidence.  (Mem. Supp. Def.'s Exceptions Order Pl.'s Mot. Compel Discovery ("Def.'s Mot.") at

2.)  In support of its position, Youth Villages cites Schrand v. Federal Pacific Electric Co., 851 F.2d

152 (6th Cir. 1988), in which the Sixth Circuit determined that the testimony of two former

employees of the defendant-employer that they were fired because of their age was irrelevant to the

plaintiff's age discrimination claims where the manager who made the allegedly discriminatory

employment decisions concerning the plaintiff was not involved in the decision to terminate the

witnesses.  Schrand, 851 F.2d at 156.  In contrast to the discovery request rejected in Schrand, the

magistrate judge's ruling does not permit discovery of discrimination claims by employees"working

3

far from the plaintiff's place of employment, under different supervisors." Schrand, 851 F.2d at 156. Rather, discovery is appropriately limited to complaints of discrimination by employees at the specific location of Cole's employ relating to allegations of failure to promote based on age or race during the period in which his claims arose.

Given the size of the Dogwood Campus of Youth Villages, it may be that the same individuals were responsible for the supervision and promotion of all employees at that location. (See Dep. Oslo Cole ("Cole Dep.") at 43, noting that the Dogwood Campus has one Night Teacher Counselor Assistant ("NCTA") Supervisor who is responsible for supervising the NCTAs and the NCTA Assistant Supervisors as well as interviewing, hiring, scheduling, making recommendations for promotions, and approving vacation time.)   However, to the extent that the request seeks discovery of complaints of discrimination against individuals who had no relation to the supervision of Cole or decisions regarding his employment, that information is irrelevant and therefore not discoverable. Cf. Miller v. Federal Express Corp., 186 F.R.D. 376, 385 (W.D. Tenn. 1999) (finding relevant evidence of prior discrimination charges made against the particular managers involved in the allegedly discriminatory discipline of the plaintiff.) Further, the Court notes that the magistrate judge's order permits discovery of such complaints in the years 2002, 2003, and 2004. The Court finds that this period is too broad. Because the alleged failure to promote occurred in 2003, any complaints of discrimination made by other employees after this period are not relevant. Accordingly, Youth Villages shall produce all complaints of discrimination made by employees at Youth Village's Dogwood Campus location against persons involved in the supervision and employment decisions of the Plaintiff concerning allegations that Youth Villages failed to promote the employee to a supervisory position based on race or age which were filed with the EEOC in 2002 and 2003.

II. Plaintiff's Request for Production No. 16

Cole's Request for Production No. 16 seeks production of performance evaluations for the Plaintiff and Dowdle from 1993 to the present. The Defendant responded to the request with production of Plaintiff's performance evaluations, but objected to the provision of the same for Dowdle on grounds that the confidential evaluations were irrelevant to Plaintiff's claims. In response to Plaintiff's motion to compel Dowdle's evaluations, Magistrate Judge Pham granted in part his request, ordering Youth Villages to produce his performance evaluations for the years 2000 through 2004.

In its appeal, Youth Villages contends that Dowdle's performance evaluations have no relevance to the instant matter because Dowdle and Cole were never in competition for a position. It is undisputed that Cole did not apply for the cottage supervisor position to which Dowdle was promoted in February 2003 to fill the vacancy created when Jeff Edwards was called into active military service. Further, Youth Villages maintains that, at the time Dowdle was placed in the Night Teacher Supervisor position, he was already in a supervisory position and thus, his placement was not a promotion, but rather a lateral transfer. As such, his performance evaluations and those of Cole, who was at the time an assistant supervisor, were not considered as part of his placement.

The Court concludes that Dowdle's performance evaluations for the year 2003 are relevant to Plaintiff's claims. While Cole did not apply for and was not considered for the Night Teacher Supervisor position into which Dowdle was placed in October 2003, the Sixth Circuit has held that the application requirement of the prima facie case of discrimination may be excused where a plaintiff can establish that, in the absence of a job posting, he would have applied for the opening had he been aware of it. Wanger v. G.A. Gray Co., 872 F.2d 142, 145-46 (6th Cir. 1989). Here, while it may be that Dowdle held a more senior position, and thus was not similarly situated with Cole at the time Dowdle was placed into the position, his performance evaluations for the period immediately prior to his placement are relevant to that inquiry. However, Dowdle's evaluations for

the years preceding 2003 and subsequent to his October 2003 placement have no bearing on the resolution of Cole's claims. Accordingly, Youth Villages is directed to produce performance evaluations for Dowdle for the year 2003.

III. Plaintiff's Interrogatory No. 19

Plaintiff's Interrogatory No. 19 asks whether Dowdle is currently employed with Youth Villages and, if not, requests an explanation as to the circumstances of his departure. (Order at 17.) In response to the interrogatory, the Defendant informed Cole that Dowdle is no longer employed with Youth Villages but objected to disclosure of the circumstances. (Def.'s Resp. Opp. Pl.'s Mot. Compel. at 22.) The magistrate judge granted the Plaintiff's motion to compel with respect to this interrogatory, concluding, without explanation, that "the circumstances of Dowdle's departure may be relevant to the issues in this litigation." (Order at 17.) In its appeal, Youth Villages contends that the magistrate judge's order is clearly erroneous because it compels the Defendant to disclose confidential facts regarding Dowdle's employment which occurred subsequent to the allegedly discriminatory employment decision at issue in this action. (Def.'s Mot. at 3-4.) The Court agrees. The employment decision at issue in this action involves Dowdle's placement into a Night Teacher Supervisor position in October 2003. Any events occurring with regard to Dowdle's employment relationship with the Defendant subsequent to the alleged discriminatory failure to promote has no relevance to Cole's discrimination claim. See e.g. Smith v. Allstate Ins. Corp., No. 99 C 0906, 2002 WL 485374, *20 (N.D. Ill. March 29, 2002) (finding that performance evaluations from years before and after an allegedly discriminatory decision to promote offered to show that the defendant-employer did not believe that the promoted employee was more qualified than the plaintiff are not probative as to pretext). Accordingly, the Defendant's appeal of the magistrate judge's order with respect to Plaintiff's Interrogatory No. 19 is GRANTED and that portion of the order is VACATED.

For the foregoing reasons, the Defendant's appeal is GRANTED in part and DENIED in part.

6

In accordance with the rulings herein, the order of the magistrate judge is AFFIRMED in part and VACATED in part.  To the extent that the order is affirmed, the Defendant is hereby ordered to provide the responsive documents within eleven (11) days from the entry of this order. If the information produced is relevant to the Plaintiff's response to the pending motion for summary judgment, Plaintiff must submit a supplemental response within eleven (11) days of the receipt of the discovery.

**IT IS SO ORDERED** this 15th day of June, 2006.

s/  J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE